THE BANK OF COMMERCE, Respondent, v. ALEXIS MUDD AND HENRY T. MUDD, Appellants.

*Evidence.*—The plaintiff claiming to be a corporation by the laws of New York, sued by the name of "The Bank of Commerce." The articles of association produced to prove the plaintiff's right to sue as a corporation declared that the name to be used should be "Bank of Commerce, in New York." *Held,* that the articles offered were not competent evidence to prove the existence of a corporation bearing the name of the plaintiff.

*Appeal from St. Louis Court of Common Pleas.*

The matters upon which the court pass are sufficiently stated in the opinion, and as only one point is decided, the other questions presented by the counsel are omitted.

*Wm. T. Wood,* with *S. T. Glover,* for appellants.

I. The court improperly admitted as evidence the articles of association of the stockholders of the Bank of Commerce, because not properly authenticated, and because there was no evidence that the affidavit required by the laws of the State of New York was subscribed and filed. (1 Rev. Stat., N. Y., 597 & 601, § 31, 32, 33, 61.)

*Knox & Kellogg,* for respondent.

The articles of association read in evidence establish the corporate existence of plaintiff. (Rev. Stat. N. Y. of 1838, p. 245, Ch. 260, & Ch. 185 of Acts of Sess. of 1854, p. 442.)

The note sued on was payable on its face at the Bank of Commerce, New York. This against the defendants is sufficient evidence of the corporate existence of plaintiff. (1 Hall, N. Y., 191; Green. Ev. § 207; 6 N. Hamp. 164; 2 Blackf. 367; 7 Port., Ind., 416; 14 J. R. 245; 2 Mo. 138.) The evidence further shows that plaintiff discounted the note for defendants, who did business and kept a bank account with plaintiff; that defendants wrote letters to the plaintiff both before and after the institution of this suit, recognizing the plaintiff as the Bank of Commerce, all which acts are sufficient evidence against the defendants of the corporate existence of plaintiff.

BATES, Judge, delivered the opinion of the court.

This suit was brought by the Bank of Commerce against the appellants and John J. Mudd, as endorsers of a promissory note. The suit was dismissed as to John J. Mudd, and judgment given against the other two.

The petition stated that the plaintiff was a corporation under and by virtue of the laws of the State of New York, and doing business in the city of New York.

The answer put in issue the existence of the corporation.

At the trial the plaintiff gave in evidence an act of the people of the State of New York, entitled, "An act to authorize the business of banking," passed April 18, 1838, which authorized persons to "associate, to establish offices of discount, deposit and circulation." Such persons were by the act required to make a certificate which should specify, among other things, "the name assumed to distinguish such association, and to be used in its dealings." The 21st section of the act enacted that "all suits, actions and proceedings brought or prosecuted by or on behalf of such association, may be brought or prosecuted in the name of the president thereof."

The plaintiff then offered in evidence a copy of articles of association, purporting to be made under the act of April 18, 1838, to which the defendants objected on the ground of irrelevancy or incompetency.

The first section of the first of said articles of association is as follows: " The name which they assume to distinguish their association, and which shall be used in its dealings, shall be ' Bank of Commerce, in New York.' "

The plaintiff having designated itself in the petition as " The Bank of Commerce," the question arises whether the articles offered in evidence are any evidence of the existence of the plaintiff as a corporation entitled to sue by that name.

The general rule that a corporation is known by its name, is more rigidly enforced when the corporation is a plaintiff and sues by a wrong name, than in questions arising upon grants by or to a corporation, or contracts with it, where there is a variation from the precise name of the corporation.

It is believed, however, that in all cases where a variation from the name has been disregarded, there was no doubt that the corporation was intended by the name used. In this case, however, it would be very difficult for the court to say that a corporation suing by the name of " The Bank of Commerce," and declared to exist under the laws of the State of New York, and doing business in the city of New York, is the same as an association denominating itself " Bank of Commerce," in New York, and which can only sue in the the name of its President.

The articles offered in evidence were not competent evidence of the existence of a corporation bearing the name of the plaintiff, and their admission in evidence was an error.

The judgment of the St. Louis Court of Common Pleas is reversed, and cause remanded. Judges Bay and Dryden concur.